# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Unity Holdings, LLC                          Case No. 21-20537
                                                           Chapter 11

                              Debtor.

## DEBTOR'S PRECONFERENCE REPORT

Unity Holdings, LLC, the Debtor herein ("Debtor"), by its attorneys, Steinhilber Swanson LLP, by Attorney Paul G. Swanson, hereby presents this Pre-Conference Report to the Court pursuant to 11 U.S.C. § 1188(c), and states as follows:

**A. The efforts the Debtor has undertaken or will undertake to attain a consensual plan of reorganization.**

Essentially, the secured creditor in this case holds a mortgage in the Debtor's real estate. The Debtor operates both the real estate and the women's clothing business in this LLC. The creditor is asserting that the transfer of the women's clothing business and its business assets to the LLC, on a pre-petition basis, is a fraud on the Court and the creditors. Debtor takes exception to this assertion.

The creditor wants the case dismissed due to this action on the part of the Debtor which occurred on a pre-petition basis. The Debtor takes a contrary view and asserts that the lien of the SBA on the assets that were transferred result from an EIDL emergency loan which is repayable over a long period of time at very favorable terms. The loan has been assumed by the LLC and it is simply the Debtor's position that the owners now choose to operate the actual business under a 100% owned LLC as opposed to a proprietorship. Until this issue is resolved, it is unlikely that any proposal by the Debtor

to the secured creditor will be accepted and, therefore, a consensual plan will be difficult to obtain.

B. **Any complications the Debtor perceives in promptly proposing and confirming a plan, including any need for discovery, valuation, adjudication, motion practice, claim adjudication, or adversary proceeding litigation.**

As stated above, the secured creditor seems to have a problem with the Debtor's pre-petition change of business from an individual proprietorship to an entity wholly owned by the Debtor. The Debtor will propose a plan by the deadline. The plan will use customary terms and conditions for a real estate loan together with a "Till" interest rate. It is also believed that the Debtor, based on its history as a proprietorship, and in generating rent by virtue of the real estate, will be able to propose a feasible plan based on historical data that is confirmable.

C. **The nature of the Debtor's business or occupation and the goals of the reorganization plan.**

The Debtor's business is basically two-fold. First, the Debtor owns real estate in which the individual owners conduct their retail businesses. One of the businesses, a women's clothing store, had been transferred by the owners as described herein. The profits from the women's clothing store have historically been sufficient, together with the profits from one of the owner's jewelry manufacturing and retail sales business, to make all payments required on a reasonable basis from the Debtor to service all debt.

The plan will simply re-amortize the secured debt over a commercially reasonable term at the "Till" interest rate calling for periodic payments coinciding with the Debtor's business cycle.

Door County, Wisconsin typically has a good retail season from late spring through the Christmas season. The months of January, February, March and April are typically very low volume periods for retail businesses in that area. It is anticipated that the Debtor will be making payments on its secured obligations eight months of the year. The Debtor believes this is reasonable and that it will be able to make all payments as required under the plan.

It is unlikely any valuation will be needed as the Debtor's asset values exceed the total of all claims.

The Debtor will also more properly budget for its expenses on a going forward basis as the expenses will be more defined and predictable when the secured claim is liquidated on reasonable terms.

**D. Any motions the Debtor contemplates filing or expect to file before confirmation.**

The Debtor does not expect to file any motions requiring significant Court time as it does not believe there are any significantly contested issues to be determined on its part.

**E. Any objections to claims or interests the Debtor expects to file before plan confirmation and any potential need to estimate claims for voting purposes.**

As stated above, the major secured creditor has filed a Motion to Dismiss which has been denied. It is anticipated that this will be refiled and that the Court will likely have to rule on it.

**F. Estimated time by which the Debtor expects to file and serve its plan of reorganization.**

The Debtor will file its plan within the statutory timeframe and serve it on all creditors and interested parties.

G. **All dates on which the Debtor will be unable to attend a hearing on confirmation.**

The Debtor believes that it can attend a hearing on confirmation at the Court's convenience and will make time available to do so.

H. **Other matters that the Debtor expects the Court will need to address before confirmation.**

As stated above, it is likely that the secured creditor will file its Motion to Dismiss which must be addressed prior to confirmation.

I. **Other issues that the Debtor contends could have an effect on the efficient administration of the case.**

The Debtor does not believe that any external issues will affect the efficient administration of the case.

Respectfully submitted:
March 22, 2021

**STEINHILBER SWANSON LLP**

By: _____/s/ Paul G. Swanson_____
Paul G. Swanson
Attorneys for the Debtor
107 Church Avenue
Oshkosh, WI 54901
Tel: (920) 235-6690; Fax: (920) 426-5530